United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRWISS PASOON,<br><br>        Plaintiff,<br><br>       v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>        Defendant. | Case No. 24-cv-00072-AMO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 11, 16 |

Before the Court is Plaintiff Mirwiss Pasoon's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for April 25, 2024 is VACATED. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Plaintiff's motion to dismiss for the following reasons.

**I.   BACKGROUND**

On November 20, 2023, Plaintiff Mirwiss Pasoon filed a complaint in Alameda County alleging two claims: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* and (2) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 *et seq.* ECF 1-2 at 10. Defendant Equifax Information Services LLC ("Equifax") removed the case to federal court on January 4, 2024, ECF 1, and answered the complaint on January 25, 2024, ECF 10. On February 12, 2024, Equifax filed a motion for judgment on the pleadings. ECF 11. On the same day, Plaintiff filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF 12. The Court entered an order explaining that Pasoon could not voluntarily dismiss the case under Rule 41(a)(1)(A)(i) because Equifax answered the complaint.

1  ECF 13.  On March 11, 2024, Pasoon moved to dismiss the entire case without prejudice pursuant
2  to Rule 41(a)(2).  ECF 16.  Equifax opposes the motion, arguing that the Court should dismiss the
3  case with prejudice and grant Equifax its attorneys' fees and costs through February 12, 2024.
4  ECF 18.

## II.    LEGAL STANDARD

"Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023).  In the Ninth Circuit, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see Kamal*, 88 F.4th at 1279 n.5 (citing cases).  "[L]egal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).  If a court dismisses a case without prejudice, the Federal Rules provide that the court may dismiss on terms it considers proper.  Fed. R. Civ. P. 41(a)(2).

## III.   DISCUSSION

### A.    Motion to Dismiss

Equifax argues that the Court should dismiss the matter with prejudice because Pasoon's claims cannot survive Equifax's motion for judgment on the pleadings.  ECF 18 at 8.  However, even if that were true, Equifax does not show that it would face "prejudice to some legal interest, some legal claim, some legal argument" if the Court were to dismiss the matter without prejudice. *See Kamal*, 88 F.4th at 1283 (quoting *Westlands Water Dist.*, 100 F.3d at 97).  Indeed, the Ninth Circuit has rejected arguments that a defendant is prejudiced due to its "effort and expense involved in preparing for trial." *Id.* at 1282; *see Westlands Water Dist.*, 100 F.3d at 97.  Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss the matter without prejudice.

### B.    Request for Attorney's Fees

Equifax included a request for attorneys' fees in its opposition. *See* ECF 18 at 9-10 and Hodsen Decl. (ECF 18-1) ¶ 6.  The Court **DENIES** this request without prejudice for failure to show that Equifax is the prevailing party, failure to show that the amount of fees and costs is

reasonable, and failure to comply with Civil Local Rule 54-5, which requires counsel to meet and confer prior to filing requests for attorneys' fees.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Pasoon's motion to dismiss and **DENIES** without prejudice Equifax's request for attorneys' fees and costs. The Court **TERMINATES AS MOOT** Equifax's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: April 17, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**